ROTHENBERG, Judge.
This is an appeal of an order summarily denying a motion under Florida Rule of Criminal Procedure 3.850. On appeal from a summary denial, this court must reverse unless the postconviction record shows conclusively that the appellant is entitled to no relief. See Fla. R.App. P. 9.141(b)(2)(D). Because the first six claims raised by the defendant are either refuted by the record or insufficiently pled, we affirm the trial court’s denial of the defendant’s first six claims for postconviction relief. However, because the record does not conclusively refute the defendant’s seventh claim, we reverse the order as to that claim only and remand for an evidentiary hearing or for the attachment of record excerpts conclusively showing that the defendant is not entitled to any relief. See Langdon v. State, 947 So.2d 460,460-61 (Fla. 3d DCA 2006).
In the defendant’s seventh claim, he alleges ineffective assistance of trial counsel for failure to file and to litigate a motion to *1192 suppress his out-of-court statements, both oral and written.' Although the trial court’s order states that this claim is refuted by the trial transcript, refers to specific pages of the transcript, and states that they are contained in “Exhibit D,” this exhibit has not been provided to this court for review and the clerk of the Eleventh Judicial Circuit claims not to have the exhibit in its possession.
The trial court should either conduct an evidentiary hearing to resolve the defendant’s claim or provide a new order denying this claim with record evidence demonstrating that the defendant is not entitled to relief.
Affirmed in part, reversed and remanded in part.